# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMC WEST HOUSING, LP, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-959-D |
| NIBCO, INC., | ) |
| Defendant. | ) |

## ORDER

Upon examination of the Complaint, the Court finds insufficient allegations to establish the existence of subject matter jurisdiction under 28 U.S.C. § 1332, as asserted by Plaintiff.[1] Specifically, the Complaint fails to provide necessary facts regarding the citizenship of Plaintiff, which is identified as a limited partnership. The citizenship of a limited partnership is the citizenship of all partners, including both general partners and limited partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *see Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906-07 (10th Cir. 2015) (applying *Carden* to unitholders of Delaware master limited partnership). The Complaint neither identifies Plaintiff's partners nor alleges their citizenship. Thus, no factual basis for diversity jurisdiction is apparent.[2]

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500 506 (2006).

[2] With the Complaint, Plaintiff filed a disclosure statement that fails to comply with LCvR7.1.1 in that it also does not identify the partners of the partnership.

**IT IS THEREFORE ORDERED** that Plaintiff shall file an amended complaint to sufficiently allege the existence of diversity jurisdiction within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED** this 11th day of October, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE